1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MARTIN LEE FOSTER,                      No.  2:21-cv-00874-CKD

12                Plaintiff,

13         v.                                 ORDER AND

14    WALKER,                                 FINDINGS AND RECOMMENDATIONS

15                Defendant.

16

17         Plaintiff is a county inmate proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18    1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

19    636(b)(1) and plaintiff has consented to have all matters in this action before a United States

20    Magistrate Judge.  See 28 U.S.C. § 636(c).

21         Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a

22    declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

23    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

25    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

28    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

                                              1

1   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2   **I.      Screening Requirement**

3   The court is required to screen complaints brought by prisoners seeking relief against a

4   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14  Cir. 1989); Franklin, 745 F.2d at 1227.

15  In order to avoid dismissal for failure to state a claim a complaint must contain more than

16  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

17  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

18  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

20  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

21  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

22  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

23  at 678.  When considering whether a complaint states a claim upon which relief can be granted,

24  the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

25  construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

26  U.S. 232, 236 (1974).

27  **II.     Allegations in the Complaint**

28  Before the court could screen plaintiff's complaint, he filed a first amended complaint on

2

1   June 17, 2021.[1]  Since the amended complaint supersedes the original, the court will proceed to

2   screen plaintiff's first amended complaint.

3          At all times relevant to the allegations in the amended complaint, plaintiff was a pretrial

4   detainee at the Sacramento County Jail.  The only named defendant is Public Defender

5   Christopher who represents plaintiff in a state court criminal case initiated on July 28, 2020.

6   Plaintiff alleges that defendant Christopher falsely informed the court that plaintiff was

7   incompetent to stand trial and suppressed evidence of serious police misconduct.  By way of

8   relief, plaintiff seeks compensatory and punitive damages plus all of defendant's personal assets

9   including "cars, home, jewelry, boats, clothes, shoes, stocks and bonds."  ECF No. 5 at 7.

10         **III.    Legal Standards**

11         "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

12  the Constitution and laws of the United States, and must show that the alleged deprivation was

13  committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988)

14  (citations omitted).  However, "a public defender does not act under color of state law when

15  performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."

16  Polk County v. Dodson, 454 U.S. 312, 325 (1981).

17         **IV.    Analysis**

18         The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon

19  which relief can be granted under federal law because defendant is not a state actor.  All of the

20  allegations against defendant are based on actions taken in the course of representing plaintiff is a

21  state criminal proceeding.  Therefore, plaintiff's complaint should be dismissed.

22         Leave to amend should be granted if it appears possible that the defects in the complaint

23  could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31

24  (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se

25  litigant must be given leave to amend his or her complaint, and some notice of its deficiencies,

26

27  _____

    [1] The filing date has been calculated using the prison mailbox rule.  See Houston v. Lack, 487
    U.S. 266 (1988).
28

1  unless it is absolutely clear that the deficiencies of the complaint could not be cured by

2  amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after

3  careful consideration, it is clear that a complaint cannot be cured by amendment, the court may

4  dismiss without leave to amend.  Cato, 70 F.3d at 1005-06.  The undersigned finds that

5  amendment would be futile since the only named defendant in this action is not a state actor.  The

6  complaint should therefore be dismissed without leave to amend.

7  **V.      Plain Language Summary for Pro Se Party**

8  Since plaintiff is acting as his/her own attorney in this case, the court wants to make sure

9  that the words of this order are understood.  The following information is meant to explain this

10  order in plain English and is not intended as legal advice.

11  The court has reviewed the allegations in your complaint and determined that it should be

12  dismissed because the individual you are suing is not a proper defendant.  It is recommended that

13  your complaint be dismissed without leave to amend.

14  If you disagree with this result, you have 14 days to explain why it is not correct.  Label

15  your explanation "Objections to Magistrate Judge's Findings and Recommendations."  The

16  district court judge assigned to your case will then make the final decision.

17  In accordance with the above, IT IS HEREBY ORDERED that:

18  1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

19  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

20  shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento

21  County filed concurrently herewith.

22  3.  The Clerk of Court shall randomly assign this matter to a district court judge.

23  IT IS FURTHER RECOMMENDED that plaintiff's first amended complaint be dismissed

24  without leave to amend.

25  These findings and recommendations are submitted to the United States District Judge

26  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

27  after being served with these findings and recommendations, any party may file written

28  objections with the court and serve a copy on all parties.  Such a document should be captioned

4

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 17, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/fost0874.F&R.docx

5